HALCO, APPELLEE, *v.* ADMR., BUREAU OF EMPLOYMENT
SERVICES ET AL., APPELLANTS.

(No. 33474—Decided November 21, 1974.)

*Mr. Sarge R. Holtzman*, for appellee.

*Mr. William J. Brown*, Attorney General, and *Mr. Gerald N. Mauk*, for appellants.

Jackson, J. Appellee, Bruce Halco, filed an application for determination of unemployment benefit rights on January 15, 1973. Appellee had worked at Uncle Bill's discount store as a full time employee continuously from June 6, 1972, through December 30, 1972. Appellee then enrolled as a full time student at Cleveland State University and as a part time student at Cuyahoga County Community College. Classes started on January 2, 1973. Appellee informed his employer that he was going to attend school, and requested work on a part-time basis following his enrollment. He worked one weekend on Friday, January 5, 1973, and Saturday, January 6, 1973. The following weekend he was informed that he had been laid off due to lack of work on a part-time basis.

The Board of Review of the Ohio Bureau of Employment Services denied appellee's application for unemployment compensation. The basic reason for this denial was that appellee was not available for suitable work as required in R. C. 4141.29.

Appellee contends that, as a student, his availability for suitable work must be determined under R. C. 4141.29 (A)(4)(d), which reads as follows:

"(d) An individual who becomes unemployed while attending a regularly established school and whose base period credit weeks were earned in whole or in part while attending such school, meets the availability and active search for work requirements of division (A)(4)(a) of this section if he makes himself available on any shift of hours for suitable employment with his most recent employer or any other employer in his base period, or for any other suitable employment to which he is directed, under Chapter 4141. of the Revised Code."

However, appellee did not become unemployed "while attending a regularly established school," and therefore, the special definition of availability applied to students in

R. C. 4141.29(A)(4)(d) may not be employed in his favor.

As defined for purposes of determining unemployment benefits, an individual is "unemployed" if,

"* * * with respect to the calendar week in which such application is filed he is 'partially unemployed' or 'totally unemployed' as defined in this section, or if, prior to filing his application, he was separated from his most recent work for any reason which terminated his employee-employer relationship, or was laid off indefinitely or for a definite period of seven or more days." R. C. 4141.01 (R)

Total and partial unemployment are defined as follows:

"(M) An individual is 'totally unemployed' in any week during which he performs no services and with respect to such week no remuneration is payable to him. R. C. 4141.01(M).

"(N) An individual is 'partially unemployed' in any week if, due to involuntary loss of work, the total remuneration payable to him for such week is less than his weekly benefit amount." R. C. 4141.01(N).

The record reveals that appellee earned only $47.85 for the first week of January, ending January 6, 1973, but that his "weekly benefit amount" was calculated to be $48.00. Appellee was, therefore, "partially unemployed" during the first week of January, 1973, and became unemployed as of December 30, 1972. Since appellee started school on January 2, 1973, he did not become unemployed while attending school, and R. C. 4141.29(A)(4)(d) is inapplicable.

The record reveals that appellee attends classes each week on Mondays and Wednesdays from 8:00 a. m. to 12:00 noon; on Tuesdays and Thursdays from 8:00 a. m. to 5:00 p. m.; on Fridays from 11:00 a. m. to 12:00 noon; and on Thursday evenings from 6:45 p. m. to 9:15 p. m.

Appellee stated that he would be available every week night except Thursday and any time during the weekends. Appellee was seeking part time work during those limited hours when he was not attending school. Under these circumstances, the conclusion of the Board of Re-

view that appellee had made himself unavailable for suitable work was not unlawful, unreasonable or against the manifest weight of the evidence. The decision of the Court of Common Pleas is therefore reversed and the order of the Board of Review, Ohio Bureau of Employment Services reinstated.

*Judgment reversed.*

SILBERT, C. J., and DAY, J., concur.